IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RANDOLPH BOWDEN | § | |
| v. | § | CIVIL ACTION NO. 6:13v904 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Petitioner Randolph Bowden, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Bowden's petition challenged three separate disciplinary cases and was severed into three federal habeas petitions. The present petition challenges a disciplinary case which Bowden received for use of vulgar language, for which he received punishments of loss of 30 days of good time credits and 15 days of solitary confinement. He complained that he was unable to file a meaningful appeal of this case because his appeal was received one day late and the grievance officer refused to process it and that the allegedly vulgar language for which he was punished was "ordinary language by prisoners and officers of everyday prison life."

After review of the pleadings, the Magistrate Judge issued a Report recommending that Bowden's petition be dismissed because Bowden failed to show the deprivation of a constitutionally protected liberty interest, as set out in <u>Sandin v. Conner</u>, 115 S.Ct. 2293, 2301 (1995). Although

Bowden stated that he was eligible for release on mandatory supervision, this is incorrect; his petition concedes that there was a finding of use or exhibition of a deadly weapon in his criminal conviction, rendering him ineligible for release on mandatory supervision. Because Bowden did not show the infringement of any constitutionally protected liberty interests, the Magistrate Judge determined that his petition for habeas corpus relief lacked merit.

In his objections to the Magistrate Judge's Report, Bowden stated that he was interviewed for parole on March 21, 2013, and was scheduled for release on parole in March of 2014 before he received the "fraudulent" disciplinary cases. He argues that the Magistrate Judge's Report contradicted itself in saying that the loss of good time did not impose atypical and significant hardships in relation to the ordinary incidents of prison life, but that the purpose of good time is to accelerate eligibility for parole. He contends that he has a liberty interest in being free from disciplinary solitary confinement or in having his imprisonment lengthened and that the "extremely harsh" conditions of confinement in solitary give rise to procedural protections. He says that his allegations should be taken as true and the Court should consider the fact that he has a limited education and is acting *pro se*.

While Bowden may be eligible for parole, the Fifth Circuit has held that Texas prisoners have no liberty interest in parole. Creel v. Keene, 928 F.2d 707, 708-09 (5th Cir. 1991); *see also* Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995). Instead, Texas prisoners have a liberty interest only in mandatory supervision, for which Bowden is not eligible. Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). Bowden's objection on this point is without merit.

Bowden also appears to assert a liberty interest arising from the conditions of confinement, citing, *inter alia*, Wilkinson v. Austin, 545 U.S. 209 (2005). The Fifth Circuit has explained that segregated confinement is not grounds for a due process claim unless it imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Hernandez v. Velasquez, 522 F.3d 556, 562 (5th Cir. 2008). The conditions listed by Bowden, including lack of access to outdoor recreation, the law library, religious services, and certain items of personal

property such as typewriters are not atypical and significant hardships in relation to the ordinary incidents of prison life.  Hernandez, 522 F.3d at 559 (segregated confinement in a 5 by 9 foot cell with another inmate, which cell he could leave only for showers, medical appointments, and family visits, not an atypical or significant hardship); *see also* Harper v. Showers, 174 F.3d 716, 717 (5th Cir. 1999) (placement in lockdown in cells next to psychiatric patients who scream, beat on metal toilets, short out the power, flood the cells, throw feces, and light fires, depriving the plaintiff of cleanliness, sleep, and peace of mind did not give rise to a due process claim).  Bowden's objection on this point is without merit.  Even taking his allegations as true and considering his *pro se* status, Bowden has not set out a viable claim for habeas corpus relief.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto.   Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit.  It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 7) is **ADOPTED** as the opinion of the District Court.  It is further

**ORDERED** that the above-styled application for the writ of habeas corpus be and hereby is **DISMISSED WITH PREJUDICE**.  It is further

**ORDERED** that the Petitioner Randolph Bowden is hereby **DENIED** a certificate of appealability *sua sponte*.  Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**It is SO ORDERED.**

**SIGNED this 17th day of March, 2014.**

*(signed)* 
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE